

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:                    Attention: Mr. R. J. (Bob) Long
                                        Head of Charter Division

                             Opinion No. 0-5498
                             Re: Power of the Secretary of State
                                 to refuse to file charter which
                                 quotes a purpose clause from the
                                 statutes and then undertakes to
                                 interpret the same.

        You have inquired of us whether you ought to approve
the proposed charters of Stevens Park, Inc., and Parklane, Inc.,
and related questions.    The charters are alike.

        The purpose of the corporations is shown in many para-
graphs, some of which read as follows:

        "The purpose for which it is formed is to
    erect or repair any building or improvement and to
    accumulate and lend money for said purpose and to
    purchase, sell and subdivide real property in towns,
    cities and villages and their suburbs, not extend-
    ing more than two miles beyond their limits, and to
    accumulate and lend money for that purpose (Art. 1302,
    Subdivision 47, Texas Revised Civil Statutes).

        "In order to carry out the purpose of this
    corporation as above set forth, it is the intention
    of the incorporators herein to proceed as follows:

        "(a) To create hereby a private limited-dividend
    corporation to provide housing for rent and which may
    be regulated by the Federal Housing Administration (and
    not otherwise except as herein expressly provided) as to
    rents, charges, capital structure, rate of return and
    methods of operation, all pursuant to the provisions of
    Section 207 of Title II of the National Housing Act, as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

amended, and as such to acquire, repair, maintain and operate a housing project in or within two miles of the limits of Dallas, Dallas County, Texas.

"* * * *

"(g) When the indebtedness of this corporation on the note to be executed and delivered by it to the Federal Housing Administration, as part of the purchase price for the properties hereinabove referred to, has been paid, and the preferred stock provided for in this charter has been retired, then the purpose clause of this corporation shall automatically be limited to the language now set forth in the first paragraph of this section of this charter, which consists of the language of Subdivision 47 of Article 1302 of the Revised Civil Statutes of Texas, and all of the succeeding paragraphs of this section of this charter shall thereafter be of no effect." (Emphasis supplied)

Paragraph VII, Section G, (1), reads in part:

"* * * * the corporation without prior or other approval or authorization may rent or lease (a) dwelling accommodations to tenants solely for actual occupancy and garage accommodations, for a period not to exceed three years, and (b) store accommodations for a period not to exceed three years; * * *"

The incorporators have quoted Subdivision 47, Article 1302, V.A.C.S., and we assume arguendo that they have undertaken to confine their powers thereto.

In numerous paragraphs in the charters coming thereafter they have attempted to interpret these powers under Subdivision 47 and to have the Secretary of State pass upon and approve the same. When the purpose clause in a charter is in the language of a subdivision of Article 1302 and the charter goes further and interprets that subdivision of the statute in many ways, the Secretary of State has the right to have such interpretations removed as surpluses. Whether a particular transaction or manner of doing business is within the purpose clause is a question for the courts and not for the Secretary of State to determine.

Honorable Sidney Latham, page 3

Johnston v. Townsend, 103 Tex. 122, 124 S. W. 417, was an application to the Supreme Court for a writ of mandamus requiring the Secretary of State to file the charter of incorporation offered by the relators. In refusing the mandamus, Justice Williams said:

" * * * A charter must specify the purpose for which the corporation is to be created. This should be done with sufficient clearness to enable the Secretary of State to see that the purpose specified is one provided for by the statute and to define with some certainty the scope of the business or undertaking to be pursued. The charter tendered in this case is so general and indefinite in its language that, while it might apply to one business, such as we have mentioned, consisting of both manufacturing and mining, with the purchase and sale of goods, etc., used for it, it might also be taken to authorize the transaction of two businesses, one of manufacturing and another for mining, with the further power of purchase and sale incident to each. And it appears to be the purpose of the relators to use the charter for the carrying on of what we regard as two distinct businesses. We may look to this as illustrative of the capacities for use of that which it is sought to have the respondent file, although we do not think that question as to what may be done under a charter ordinarily arise when it is proposed to have one filed. It is proper and important to see that the purpose of a charter is so expressed as to carry out the intention of the Legislature in making that requirement; for it is by a compliance with it that the public as well as those specially interested in corporations, are to be protected against the assumption of powers not granted. * * * And as the charter offered can be interpreted as meaning and is intended to mean that it authorizes the pursuit of both businesses, we think the respondent had the right under the law to refuse to file it until the doubt as to its scope should be removed by a more specific statement of the purpose. * * *" (Emphasis supplied)

Some states require corporation charters to set out the powers of the corporation, but in Texas, Article 1304, V.A.C. S., requires that the purpose be stated in the charter. When this is

done the corporation has all powers necessary to carry out the purpose and the extent thereof is a question of law for the courts.

You are respectfully advised that you have the power to disapprove the proposed charters. Having given this answer to your principal question, we deem it unnecessary to answer your other questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    David W. Heath
         Assistant

DWH:EP

APPROVED SEP 14, 1943

Gerald C. Mann